Jones, Judge:
This claim was filed before the Attorney General of West Virginia on March 2, 1967.
At the hearing held by this Court on March 21, 1968, counsel for the respondent stated that there being no factual issues involved and the claimant having agreed thereto, this claim was submitted for decision upon the record.
It appears from the record that on or about July 29, 1965, the claimant filed a claim before the State Tax Commissioner for a refund of business and occupation taxes overpaid by reason of reporting errors for the years 1958 to 1961, inclusive. A refund in the amount of $145.81 was made for the years 1962, *74 1963 and 1964. However, a refund for the years 1958, 1959, 1960 and 1961 for aggregate overpayments of $288.57 was denied on the ground that the claim in that amount was barred by the statute of limitations.
Chapter 11, Article 1, Section 2a of the Code of West Virginia provides as follows:
“On and after the effective date of this section [June 8,1951], any taxpayer claiming to be aggrieved through being required to pay any tax into the treasury of this State, may, within three years from the date of such payment, and not after, file with the official or department through which the tax was paid, a petition in writing to have refunded to him any such tax, or any part thereof, the payment whereof is claimed by him to have been required unlawfully; and if, on such petition, and the proofs filed in support thereof, the official collecting the same shall be of the opinion that the payment of the tax collected, or any part thereof was improperly required, he shall refund the same to the taxpayer * *
The claimant having failed to file his claim for a refund within the period of three years provided by the statute, it is contended by the respondent State Tax Commissioner that the claimant has slept on his rights and thereby has forfeited, his claim.
While we recognize that the prescribed limitation would merely bar the remedy and would not extinguish a moral obligation, there is no showing in the record that the claimant was misled in any way or that there were any other extenuating circumstances which would involve the conscience of the State. The Court is of opinion that it should not, in effect, extend the time for making application for a refund of taxes; and that equity and good conscience do not require the relief prayed for in this case. Accordingly, it is our judgment that, this claim should be and the same is hereby disallowed.